UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| REBECCA BELLUE | CIVIL ACTION |
|---|---|
| VERSUS | |
| EAST BATON ROUGE SHERIFF, ET AL. | NO: 17-00576-BAJ-RLB |

## RULING AND ORDER

Before the Court is the **Partial Motion to Dismiss for Failure to State a Claim (Doc. 5)** filed by Defendants, Sheriff Sid Gautreaux and Captain Eleanor Stewart. Plaintiff, Rebecca Bellue, opposes the motion. (Doc. 12). For the following reasons, the motion is **GRANTED IN PART** and **DENIED IN PART**.

I. BACKGROUND

In August of 1991, Plaintiff started working at the East Baton Rouge Parish Sheriff's Department. (Doc. 1-1 at p. 6, ¶ 9) On March 4, 2015, Plaintiff was transferred to the Communications Division, under the supervision of Captain Stewart. (*Id.* at p. 6, ¶ 12). Plaintiff and four black employees began working in the Communications Division at the same. (*Id.* at p. 6, ¶ 13). Plaintiff claims, however, that she did not receive an eight-week training program that the four black employees received before starting. (*Id.* at p. 6, ¶ 14).

Additionally, after Plaintiff was assigned to the same shift as Lieutenant Tommy Cole, he allegedly made unwanted, flirtatious communications directed at her. (*Id.* at p.7, ¶¶ 16–17). Plaintiff received two unsolicited text messages both

1

reminding her of "free dress" day accompanied with a winking smiley emoji,[1] and in response to a message from Plaintiff asking for Lieutenant Cole to call her back, he responded "Oh, you could never be a bother" with a winking smiley emoji. (*Id.* at p. 7, ¶¶ 18, 20, 22). Another time, Lieutenant Cole commented on how nice she looked and engaged in an extended conversation with her. (*Id.* at p. 7, ¶ 19)

In May of 2015, Plaintiff reported Lieutenant Cole's actions to Captain Stewart. (*Id.* at p. 7, ¶ 24). A month later, on June 28, 2015, Plaintiff received a negative performance evaluation from Lieutenant Cole. (*Id.* at p. 7, ¶ 25). Plaintiff claims that Lieutenant Cole "became very irate and flailed his hands" when trying to discuss her performance review. (*Id.* at p. 7, ¶25). However, Plaintiff received a positive performance evaluation from another supervisor, Sergeant Pam Moran, around the same time. (*Id.* at p. 8, ¶ 26).

On June 28, 2015, Plaintiff asked for a meeting with Captain Stewart to discuss Lieutenant Cole's behavior. (*Id.* at p. 8, ¶ 28). Captain Stewart allegedly stated that Plaintiff was being paranoid. (*Id.* at p. 8, ¶ 30). In the following months, Plaintiff asserts that Lieutenant Cole stalked and harassed her, by lingering around the office waiting on her. (*Id.* at pp. 8–9, ¶¶ 32–34). After Plaintiff reported the incidents to the East Baton Rouge Sheriff's Office of Internal Affairs on September 16, 2015, Plaintiff was terminated on September 22, 2015. (*Id.* at p. 9, ¶ 35–37). The reason for Plaintiff's termination is not clear from the pleadings.

---

[1] "Emojis are small, stylized images used to express ideas and emotions or to depict objects in electronic communications." *Graham v. Prince*, 265 F. Supp. 3d 366, 372 n.3 (S.D.N.Y. 2017).

On July 21, 2017, Plaintiff filed a lawsuit in the Nineteenth Judicial District Court in East Baton Rouge Parish, Louisiana, which Defendants removed based on federal question jurisdiction. (Doc. 1 at ¶ 1). Plaintiff brings employment discrimination claims under 42 U.S.C. § 1981 and Title VII, alleging sexual harassment, racial discrimination, and retaliation. (Doc. 1-1 at pp. 9–10, ¶¶ 38–41, 43). Plaintiff also brings supplemental state law claims under the Louisiana Anti-Discrimination Act and under Louisiana Civil Code article 2315 for torts, including intentional infliction of emotional distress. (*Id.* at p. 10, ¶¶ 42, 44).

## II. LEGAL STANDARD

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint against the legal standard set forth in Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Claims of immunity also may be raised in a Rule 12(b)(6) motion to dismiss. *See Brown v. Miller*, 519 F.3d 231 (5th Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

Thus, a complaint need not set out "detailed factual allegations," but a complaint must contain something more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). When conducting its inquiry, the Court must "accept all well-pleaded facts as true and view those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461 (5th Cir. 2010) (quoting *True v. Robles*, 571 F.3d 412, 417 (5th Cir. 2009)). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and therefore "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to survive a Rule 12(b)(6) motion to dismiss. *Iqbal*, 556 U.S. at 678.

Under Rule 12(b)(1), a claim is "'properly dismissed for lack of subject-matter jurisdiction when the [C]ourt lacks the statutory or constitutional power to adjudicate' the claim." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012) (quoting *Home Builders Ass'n v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)). The Court may dismiss an action *sua sponte* if it "determines at any time that it lacks subject-matter jurisdiction." Fed. R. Civ. P. 12(h)(3). When analyzing whether it lacks subject-matter jurisdiction over a claim, the Court utilizes the same standard that it applies to a motion to dismiss under Rule 12(b)(6). *Benton v. United States*, 960 F.2d 19, 21 (5th Cir. 1992).

## III. DISCUSSION

### A. Federal Claims

#### *1. Race Discrimination*

Defendants seek to dismiss Plaintiff's race discrimination claims because Defendants assert that the Plaintiff's allegations are insufficient to support ae claim of race discrimination. (Doc. 5 at p. 11). Defendants further argue that that the decision to terminate the plaintiff was not made by Captain Stewart. (*Id.*)

Plaintiff brings race discrimination claims under Title VII and 42 U.S.C. § 1981. Title VII prevents employers from discriminating against employees on the basis of race, color, religion, sex, or national origin. 42 U.S.C. § 2000e–2(a). Section 1981 ensures that "all persons within the jurisdiction of the United States shall have the same right . . . to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens." § 1981(a). Claims of racial discrimination brought under § 1981 are governed by the same evidentiary framework applicable to claims of employment discrimination brought under Title VII. *LaPierre v. Benson Nissan, Inc.*, 86 F.3d 444, 448 n. 2 (5th Cir. 1996).

"In such 'disparate treatment' cases, which involve 'the most easily understood type of discrimination,' the plaintiff is required to prove that the defendant had a discriminatory intent or motive." *Watson v. Fort Worth Bank & Trust*, 487 U.S. 977, 986 (1988) (quoting *Teamsters v. United States*, 431 U.S. 324, 335 n. 15 (1977)). Under federal pleading standards, a plaintiff does not need to plead a prima facie

case of discrimination in order to survive a motion to dismiss; rather, a plaintiff must set out facts that provide "fair notice of the basis of petitioner's claims." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 514 (2002); *see also Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013)

Even under the generous pleading standard of *Swiekiewicz*, Plaintiff has still failed to state a plausible claim for relief. Plaintiff's racial discrimination allegations are premised solely upon training given to black workers, but not to her. (Doc.1-1 at p. 6). Accepting the veracity of Plaintiff's well-pleaded factual allegations, the Court finds that the pleadings do not plausibly give rise to an entitlement to relief under Title VII based on race. Plaintiff does not claim that any adverse action, such as a demotion or firing, occurred because of her lack of training relative to the other employees. Additionally, Plaintiff notes in her complaint that she had worked in the sheriff's department since 1991 and was transferred to the communications department in 2015 (Doc. 1-1 at p. 6, ¶¶ 9, 12), but she does not note when the four black employees began working for the sheriff's office, only that they started working in the communications department at the same time. (*Id.* at 13–14). Without more specific facts, the disparity in training does not give rise to a plausible inference that Plaintiff's treatment was based on race and not another, neutral factor, such as Plaintiff's lengthy prior service in the sheriff's office. Accordingly, Defendants' motion to dismiss this claim is **GRANTED**.

### *2. Sex Discrimination*

Defendants next assert that Plaintiff has failed to adequately plead a sexual harassment claim. (Doc. 5-1 p. 6) Specifically, Defendants argue that Plaintiff has not adequately pleaded that a tangible employment action was taken against her based on sexual harassment (Doc. 5-1 at p. 7) or alleged a plausible hostile work environment. (Doc. 5-1 at p. 8). Plaintiff claims that Lieutenant Cole's actions satisfied the requirements to establish a hostile work environment, especially the alleged lingering and stalking in August of 2015. (Doc. 12 at p. 5).

Accordingly, to meet the fourth element, the plaintiff must demonstrate that the sexual harassment is "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment" and to "one that a reasonable person would find hostile or abusive, and one that the victim in fact did perceive to be so." *Marks v. Louisiana Ass'n of Educators*, No. CIV.A. 08-573, 2011 WL 3664472, at *5 (M.D. La. Aug. 19, 2011) Factors to be considered include: "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Royal v. CCC & R Tres Arboles, L.L.C.*, 736 F.3d 396, 401 (5th Cir. 2013) (citing *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23, (1993))

Plaintiff has not shown that the alleged sexual harassment has altered a "term, condition, or privilege" of employment. Although some of the supervisor's comments can be regarded as flirtatious, "insensitive, boorish, uncouth, or even offensive; the

7

remarks, standing alone, do not elevate the statements to the level of sexual harassment." *See Pfeil v. Intecom Telecommunications*, 90 F. Supp. 2d 742, 748 (N.D. Tex. 2000). Accordingly, Defendants' motion to dismiss this claim is **GRANTED**.

### 3. *Title VII Retaliation*

"A plaintiff establishes a prima facie case for unlawful retaliation by proving (1) that she engaged in activity protected by Title VII, (2) that an adverse employment action occurred, and (3) that a causal link existed between the protected activity and the adverse employment action." *Long v. Eastfield College*, 88 F.3d 300, 304 (5th Cir. 1996) (*citing McMillan v. Rust College, Inc.*, 710 F.2d 1112, 1116 (5th Cir. 1983). Protected activity includes opposing "any practice made an unlawful employment practice" by Title VII or "made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing" under Title VII. *Id.* In determining whether an adverse employment action has occurred as a result of retaliation, the Court must analyze the action of the final decision maker. *See Royal*, 736 F.3d at 404.

Here, Plaintiff was fired a few days after reporting the alleged sexual harassment incidents to Internal Affairs on September 16, 2015. (Doc. 1 at p. 9, ¶ 35–37). This close correlation between reporting Lieutenant Cole's conduct and Plaintiff's termination gives rise to the reasonable inference that Plaintiff's termination stems from her engaging in protected activity—filing a complaint of sexual harassment. *See Swanson v. Gen. Servs. Admin.*, 110 F.3d 1180, 1188 (5th Cir. 1997). Accordingly, Defendants' motion to dismiss this claim is **DENIED**.

8

### 4. Claims against Captain under Title VII

Defendants seek dismissal of Captain Stewart, Plaintiff's supervisor, under Title VII for the failure to state a legally cognizable claim. Plaintiff contends she informed Captain Stewart of Lieutenant Cole's alleged attempt to provoke a fight with her during evaluations. (Doc. 1-1 at p. 4, ¶29). Plaintiff further alleges that in another meeting, she expressed to Captain Stewart her feelings of being stalked and harassed by Lieutenant Cole. (*Id.* at p.4, ¶34)

However, Defendants correctly note that individuals are not liable under Title VII in either their individual or official capacities. (Doc. 5-1, p.14) *See Malcolm v. Vicksburg Warren Sch. Dist. Bd. of Trustees*, 709 F. App'x 243, 247 (5th Cir. 2017) (unpublished) (per curiam) (citing Ackel v. Nat'l Commc'ns, Inc., 339 F.3d 376, 381 n. 1 (5th Cir .2003)). Accordingly, Defendants' motion to dismiss this claim is **GRANTED.**

### B. STATE CLAIMS

#### 1. Intentional Infliction of Emotional Distress ("IIED") Claim

Defendants argue the Plaintiff has: (1) failed to allege facts that raise the reasonable possibility of extreme and outrageous behavior; (2) that the IIED allegations are wholly conclusory; (3) and that the allegations do not rise to the requisite level of atrocious behavior. (Doc. 5-1 at p. 13). In rebuttal, Plaintiff vaguely states that the alleged facts are sufficient to support an IIED without any additional assertions.

9

In Louisiana, the foundation of IIED is governed by La. Civ. Code art. 2315 with the Supreme Court addressing IIED in the workplace. *Nicholas v. Allstate Ins. Co.*, 765 So. 2d 1017 (La. 2000); *White v. Monsanto Co.*, 585 So. 2d 1205, 1209 (La.1991). Plaintiff carries the burden of proving three elements: "(1) that the conduct of the defendant was extreme and outrageous; (2) that the emotional distress suffered by the plaintiff was severe; and (3) that the defendant desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from his conduct." *Id.* at 18. "The distress suffered must be such that no reasonable person could be expected to endure it." *Id.* at 18.

The conduct "may arise from the abuse of position or from a relationship with the victim which gives the actor actual or apparent authority over the victim or the power to affect his or her interests." *Walters v. Rubicon, Inc.*, 706 So. 2d 503 (La. Ct. App. 1st Cir. 1997). To rise to the level of extreme or outrageous, the conduct must go beyond all possible bounds of decency and is regarded as atrocious and utterly intolerable in a civilized community. *White v. Monsanto Co.*, 585 So.2d 1205, 1209 (La. 1991). "The distress suffered must be such that no reasonable person could be expected to endure it." *Id.*

Accepting all the allegations of the pleadings as true, and in the light most favorable to the Plaintiff, the Court concludes that the Plaintiff failed to plausibly plead that Defendants' conduct met the high standard required to establish extreme or outrageous conduct under Louisiana law. As the Court noted when discussing Plaintiff's sexual harassment claims, although some of Lieutenant Cole's actions were

10

likely unwarranted and rude, but such conduct alone does not overcome the high bar Louisiana has set for IIED claims. Accordingly, Defendants' motion to dismiss this claim is **GRANTED**

### *2. Louisiana Wage Payment Act (La. Stat. Ann. § 23:631)*

Defendants argue that Plaintiff has not asserted that they failed to promptly pay her earned wages. (Doc. 5-1 at p. 13). In response, Plaintiff also argues that she should be allowed a curative amendment. (Doc. 12 at p. 9).

Based on the Louisiana Wage Payment Act ("LWPA"), the employer shall pay the discharged or resigned employee the amount due of earned wages either: (1) on or before the next regular payday, or (2) no later than fifteen days after the discharge, whichever occurs first. La. Stat. Ann. § 23:631. Plaintiff asserts that she is entitled to last wages and those exact calculations are to be determined in discovery. *Id.*

To recover penalties under La. R.S. 23:632, the employee must prove that (1) wages were due and owing; (2) demand for payment was made at the place where the employee was usually paid; and (3) the employer failed to pay upon demand. *Berard v. L-3 Commc'ns Vertex Aerospace, LLC*, 2009-1202 (La. App. 1 Cir. 2/12/10), 35 So. 3d 334, 344–45, writ denied, 2010-0715 (La. 6/4/10), 38 So. 3d 302.

At this time, the record does not contain sufficient factual allegations to support Plaintiff's claim under the Louisiana Wage Payment Act. Plaintiff has failed to state whether an initial demand for wages was made prior to the lawsuit. Because Revised Statutes 23:632 is penal in nature, it must be strictly construed. *Boudreaux*

*v. Hydraulic Rebuilders*, 98-126 (La. App. 5 Cir. 5/27/98), 713 So. 2d 1148, 1151. Therefore, Defendants' motion to dismiss this claim is **GRANTED**.

### *3. Punitive Damages*

Defendants seek dismissal of Plaintiff's claim for punitive damages under Title VII and state law. Plaintiff agrees that she is unable to recover punitive damages under Title VII and state law. (Doc. 12, p. 9) Accordingly, Defendants' motion to dismiss this claim is **GRANTED**.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendants' **Partial Motion to Dismiss (Doc. 5)** is **GRANTED IN PART, AND DENIED IN PART.**

**IT IS FURTHER ORDERED** that Defendant's motion to dismiss Plaintiff's retaliation claim is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's claims for race discrimination are **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that Plaintiff's claim for sex discrimination is **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that Plaintiff's claims against Captain Stewart are **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that Plaintiff's state law claims for Intentional Infliction of Emotional Distress and violation of the Louisiana Wage Payment Act are **DISMISSED WITHOUT PREJUDICE.**

Baton Rouge, Louisiana, this 13th day of September, 2018.

_[signature]_

**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**